**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RICHARD SADDLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-1185-SEP |
| | ) |
| CHRISTINE HONG and BANK OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. Doc. [2]. For the reasons set forth below, the Motion is granted. Further, on review of Plaintiff's Complaint, Doc. [1], the Court finds that this action must be dismissed for want of jurisdiction.

**LEGAL STANDARD**

The Court must dismiss a complaint if it determines at any time that it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3). Moreover, a complaint filed *in forma pauperis* must be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004), nor must they interpret procedural rules to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff filed his Complaint against Christine Hong and Bank of America (BOA) on October 4, 2021. Doc. [1]. Plaintiff identifies himself and Hong as Missouri residents, and identifies BOA as a Delaware corporation. *Id.* ¶¶ 2, 3. In an effort to meet his burden of establishing this Court's jurisdiction over this matter, Plaintiff writes that he "claims federal

1

jurisdiction pursuant to Article III § 2 which extends jurisdiction to cases arising under the U.S. Constitution." *Id.* ¶ 1. Plaintiff does not identify the constitutional provision or provisions he believes are at issue. On the Civil Cover Sheet filed with his Complaint, Plaintiff indicated he was invoking this Court's federal question jurisdiction and described his cause of action as "Complaint for violation of 42 U.S.C. § 7374, Unjuest [*sic*] Enrichment, Quantum Meruit, and Fraud." Doc. [1-1].[1]

Plaintiff alleges that he and Defendant Hong purchased a residence together at 1615 Featherstone Drive, St. Louis, Mo. 63121. Doc. [1] ¶ 5. Despite agreeing to be equally responsible for all real-estate related expenses, Plaintiff asserts that Defendant Hong defaulted on the mortgage. *Id.* ¶ 8. Defendant BOA held the mortgage and promissory note on the property. *Id.* ¶ 11. Plaintiff further contends that, between 2008 and 2014, he paid monthly mortgage payments of $3,400, totaling $244,800 in payments. *Id.* ¶ 14. On February 15, 2015, Defendant Hong sold the property for $460,000, but Plaintiff claims that he did not receive any proceeds from the sale of the property. *Id.* ¶¶ 16-17. On February 15, 2015, Defendant BOA issued a 1099-S with the Internal Revenue Service that placed a tax debt and financial obligation on Plaintiff. *Id.* ¶ 19. Plaintiff now brings four claims: (1) violation of 42 U.S.C. § 7374 as to both Defendants; (2) unjust enrichment as to Defendant Hong; (3) Quantum Meruit as to Defendant Hong; and (4) fraud as to both Defendants. *Id.* at 4-6.

## Discussion

Federal courts are courts of limited, not general, jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). Jurisdiction is a threshold requirement that must be satisfied in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26-27 (8th Cir. 1964)). The issue of the existence of jurisdiction may be raised at any time, by any party or by a court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). If this Court determines at any time that it lacks jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

---

[1] Prior to filing this action, on August 17, 2021, Plaintiff attempted to remove a 2016 tort action against Defendant Hong from the Circuit Court of St. Louis County to this Court. *Saddler v. Hong,* No. 4:21-cv-1025-SEP (E.D. Mo. 2021). On September 17, 2021, Hong's Motion to Remand was granted. *See id.* Copies of depositions of Hong taken in the 2016 action are attached to the Complaint. Docs. [1-3], [1-4].

Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Here, Plaintiff invokes federal question jurisdiction, but he does not identify the constitutional provision or provisions he believes are at issue. The Complaint does not contain any non-conclusory allegations that the Court could construe as arising under the United States Constitution. And Plaintiff's allegations do not state a viable claim under 42 U.S.C. § 1983 because he does not allege that a person acting under color of state law violated a federally-protected right. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a valid § 1983 claim).

Plaintiff's claim that Defendants violated his rights under 42 U.S.C. § 7374 might have provided a basis for federal question jurisdiction, except that Plaintiff does not explain how he believes his claims arise under that statute, and there is no discernible relationship between that statute and the allegations in the Complaint. Even liberally construed, Plaintiff's allegations fail to assert a non-frivolous claim of a right or remedy under the laws of the United States. The Court will not supply additional facts, nor will it construct a legal theory for Plaintiff. *See Stone*, 364 F.3d at 914. Other than his 42 U.S.C. § 7374 claim, Plaintiff asserts only state tort law claims. Thus, Plaintiff's asserted bases of federal question jurisdiction are patently meritless.

The Court has also considered whether the Complaint establishes a basis for jurisdiction pursuant to 28 U.S.C. § 1332, and it does not. Section 1332(a) grants district courts jurisdiction over civil actions in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In his Complaint, Plaintiff asserts that he and Defendant Hong are both Missouri citizens. Doc. [1] ¶¶ 2, 3. Plaintiff signed the Complaint, attesting under penalty of perjury that it was true and correct, and certified that his representations to the Court—including those regarding the citizenship of the parties—had evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Thus, the parties are not completely diverse, and the Court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1332.

After carefully reviewing and liberally construing the Complaint, the Court finds that Plaintiff has failed to establish that this Court has jurisdiction over this matter. There is no indication that the defect could be overcome by amendment. Therefore, the Court must dismiss this action without prejudice, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. [2]) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of January, 2022.

                                                                        _____
                                                                        SARAH E. PITLYK
                                                                        UNITED STATES DISTRICT JUDGE

4